UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN AHMAD CHEBLI,

               Plaintiff,                                Civil Action No.
                                                    07-CV-10750

vs.

                                                   HON. BERNARD A. FRIEDMAN

MICHAEL CHERTOFF, et al.,

               Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS
### and
### ORDER SCHEDULING A § 1447(b) HEARING

        This matter is presently before the court on defendant's motion to dismiss [docket entry 3]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

        Plaintiff alleges, and defendant concedes, that he is a permanent resident alien who applied for naturalization in February 2004. He was interviewed by an immigration officer in August 2004, and he has passed the required language, government and history tests. Due to the delay in deciding his naturalization application, plaintiff asks that the court either "[a]ssume jurisdiction over this case and naturalize the Plaintiff pursuant to 8 USC sec. 1447(b)" or "[o]rder the Defendants to complete adjudication of the Application." Complaint, p. 4.

        Defendant acknowledges the status of plaintiff's application but indicates that it has not yet been approved or denied because plaintiff's criminal background check has not yet been completed. Defendant's explanation for the delay is that the "name check" performed by the Federal Bureau of Investigation still is not finished. Defendant has submitted an affidavit from the section

chief of this program who avers that the FBI receives millions of name check requests from 70 different federal, state and local agencies. While most checks can be finished within 72 hours, a small percentage require more detailed, and consequently more lengthy, investigation. Plaintiff's name check request was received in March 2004 and is pending. *See* Declaration of Michael A. Cannon (defendant's Exhibit B).

This court's jurisdiction rests on 8 U.S.C. § 1447(b), which states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Defendant argues that the court lacks subject matter jurisdiction because the examination referred to in this section refers to "the full naturalization examination" which includes "all security background checks." Defendant's Brief at 1. Defendant's position is that because the FBI name check has not been completed, the examination has not been conducted, and therefore the court lacks jurisdiction because the 120-day period has not even begun to run. Plaintiff argues that the "examination" refers to the interview conducted by an immigration officer, which in this case was conducted in August 2004, and therefore the court does have jurisdiction because the 120-day period expired long before this lawsuit was commenced.

While the statute itself does not indicate whether the "examination" referred to in § 1447(b) is the interview or the entire process of reviewing the applicant's qualifications for naturalization, the overwhelming weight of the case law supports plaintiff's interpretation. Every decision of this district, of which the court is aware, has reached this conclusion. *See, e.g., Omeiri*

*v. District Director, Bureau of Citizenship and Immigration Servs.*, 2007 WL 2121998 (E.D. Mich.

July 24, 2007); *Garcia-Guerra v. Chertoff*, 2007 Wl 1004223 (E.D. Mich. Mar. 30, 2007); *Khelifa*

*v. Chertoff*, 433 F. Supp.2d 836 (E.D. Mich. 2006); *Zhang v. Chertoff*, 2006 WL 4045600 (E.D.

Mich. Feb. 1, 2006); *Al Saidi v. Jenifer*, 2005 WL 5179147 (E.D. Mich. Dec. 23, 2005); *Mahmood*

*v. Jenifer*, 2005 WL 5179153 (E.D. Mich. Nov. 30, 2005). The Sixth Circuit has not addressed this

issue. The only court of appeals to have done so has also accepted plaintiff's position. *See United*

*States v. Hovsepian*, 359 F.3d 1144, 1161 (9th Cir. 2004) (*en banc*). Although the Fifth Circuit

issued a contrary decision in *Walji v. Gonzales*, 489 F.3d 738 (5th Cir. 2007), that decision was

subsequently withdrawn.

      The court will follow the majority view for the reasons expressed in the above-cited

cases. In particular, the court is persuaded by the reasoning of Judge Zatkoff in *Omeiri*:

> The Court agrees with the majority of courts which have found "the
> examination" to mean Plaintiff's interview, and concludes that it has
> jurisdiction pursuant to 8 U.S.C. § 1447(b). Section 1447(b)
> explicitly refers to the examination pursuant to § 1446. Section 1446
> in turn expressly separates Defendant's examination of Plaintiff from
> Defendant's investigation of Plaintiff. *Compare* 8 U.S.C. § 1446(a)
> (requiring an investigation of the applicant encompassing the five
> years preceding his application) *with* 8 U.S.C. § 1446(b) (requiring
> an examination of the applicant that may concern any matters
> affecting the application). Moreover, the plain language of § 1447(b)
> conferring jurisdiction 120 days "after the date on which the
> examination is conducted" indicates that "the examination" occurs on
> a discrete date. Finally, Defendant's regulations implementing § 1446
> clearly recognize the distinction between the investigatory process as
> a whole and "the examination" as a discrete event. *See* 8 C.F.R. §
> 335.2(b) (requiring a "definitive response" from the FBI that a
> background check has been completed before the initial examination
> on the application can be held); 8 C.F.R. § 335.3 (stating "[a]
> decision to grant or deny the application shall be made at the time of
> the initial examination or within 120-days after the date of the initial
> examination of the applicant for naturalization under § 335.2"); 8
> C.F.R. § 335.6(a) (stating "[a]n applicant for naturalization shall be

deemed to have abandoned his or her application if he or she fails to appear for the examination"). Thus, the Court finds that "the examination" referred to in § 1447(b) is not the same as Defendant's entire investigative process but instead references the initial interview held between Plaintiff and Defendant. Accordingly, the Court has subject matter jurisdiction in this case.

\*  \*  \*

. . . [T]he purpose of granting jurisdiction to the district courts 120 days after the initial interview with an applicant for naturalization is to ensure that Defendant does not unreasonably delay its decision. Thus, once Defendant conducts its initial interview with the applicant, it has 120 days in which to complete any investigation it deems necessary in order to make a final decision. Tellingly, Congress did not qualify the grant of jurisdiction other than delaying it by 120 days: if, for any reason, including the absence of a complete criminal background check, Defendant has not made a decision at the end of 120 days, the district courts can assume jurisdiction. This gives the district courts authority to oversee the application process, including gathering information necessary to make a final decision and making sure the steps Defendant takes are necessary for the final adjudication of the application, and subjects Defendant to the court's power over contempt.

. . . Conferring jurisdiction on the district courts does not detract from Congress's goal of making sure that Defendant's decisions are well informed and carefully considered. The 120 day period provides an incentive for Defendant to process its applications efficiently. However, nowhere does the 120-day provision require Defendant to act imprudently. In other words, while the 120-day period encourages Defendant to make final decisions in a timely manner, it does not mandate that Defendant make a final decision where it does not possess the necessary information. Likewise, the courts are not required to make a final decision simply upon gaining jurisdiction. The jurisdictional grant merely provides necessary oversight to a complicated process; it does not necessarily hasten it. Accordingly, the courts have the authority to defer the decision making authority to Defendant through their power to remand the application and instruct Defendant, while still maintaining supervision over the timeliness of the application process. As such, informed decisions are still made, but applicants have some assurance that the decisions cannot be unreasonably delayed without the court stepping in. This interpretation gives effect to both of Congress's objectives.

> A contrary interpretation . . . effectively strips the courts of this important oversight responsibility. If "the examination" were truly a process that could not be "conducted" until Defendant had obtained all information that, in its sole discretion, it deemed necessary to make a final decision, it could delay the tolling of the 120-day jurisdictional period indefinitely by simply asserting its authority to gather further information, request supplemental background checks, or conduct re-examinations. The Court finds that Congress did not intend to allow Defendant to avoid the courts' oversight authority in such a way or by hiding behind the backup at the FBI.

2007 WL 2121998 at **2-4.

The court concludes that it has jurisdiction pursuant to § 1447(b). Defendant's motion to dismiss is therefore denied. The court shall also deny defendant's alternative motion to remand the matter "for completion of the examination of plaintiff's qualifications for naturalization and adjudication of his application following resolution of the results of the FBI name check." Defendant's Brief at 19. Defendant has been pondering plaintiff's citizenship application since February 3, 2004, or for *1,310 days* by the court's calculation. While the court understands that defendant and the FBI have an enormous and difficult case load, the extreme delay that has occurred in this case is intolerable by any standard. Remanding the case "for completion of the examination" would do nothing to ensure that defendant will, in fact, complete the examination and make a decision. Defendant offers no guarantee that it will not delay the matter for additional months or years, if not indefinitely.

The court must fashion a remedy that accommodates the needs of both parties. Defendant must be afforded ample opportunity to examine applicants' qualifications "to ensure that only worthy applicants are granted the privilege of United States citizenship." *Omeiri* at *3. However, the court must also safeguard the applicants' right to a reasonably prompt decision. Congress authorized courts to adjudicate those naturalization applications which remain undecided

5

120 days post-examination because it was concerned about applications languishing administratively.  *See Hovespian*, 359 F.3d at 1163 ("A central purpose of the statute was to reduce the waiting time for naturalization applicants").  To accommodate the interests of both parties, and those of the public,

IT IS ORDERED that defendant's motion to dismiss, or to remand, is denied.

IT IS FURTHER ORDERED that the court shall conduct a hearing on October 31, 2007, at 9:00 a.m., "to determine the matter," pursuant to 8 U.S.C. § 1447(b).  The parties may submit briefs, in the nature of trial briefs, no later than October 3, 2007, and response briefs no later than October 17, 2007.

IT IS FURTHER ORDERED that defendant shall promptly apprise the court and plaintiff if the "security background checks" are completed at any time prior to October 31, 2007.  In that event, the court reserves its right "to remand the matter . . . to the Service to determine the matter," pursuant to 8 U.S.C. § 1447(b).

_____s/Bernard A. Friedman_____

Dated: September 4, 2007                BERNARD A. FRIEDMAN
     Detroit, Michigan                CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman