UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN AHMAD CHEBLI,

       Plaintiff,

vs.

MICHAEL CHERTOFF, et al.,

       Defendants.
_____/

Civil Action No.
07-CV-10750

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION
## FOR COSTS AND ATTORNEY'S FEES AND OTHER EXPENSES

This matter is presently before the court on plaintiff's motion for costs, attorney fees and other expenses under the Equal Access to Justice Act ("EAJA") [docket entry 10]. Defendants have filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

Plaintiff commenced this action on February 21, 2007. He alleged, and defendants conceded, that he is a permanent resident alien who applied for naturalization in February 2004. He was interviewed by an immigration officer in August 2004, and he passed the required language, government and history tests. Due to the delay in deciding his naturalization application, plaintiff asked that the court either "[a]ssume jurisdiction over this case and naturalize the Plaintiff pursuant to 8 USC sec. 1447(b)" or "[o]rder the Defendants to complete adjudication of the Application." Complaint, p. 4.

Defendants responded by filing a motion to dismiss the complaint for lack of subject matter jurisdiction. Defendants acknowledged the status of plaintiff's application but indicated that

it had not yet been approved or denied because plaintiff's criminal background check had not yet been completed. Defendants' explanation for the delay was that the "name check" performed by the Federal Bureau of Investigation still was not finished. Defendants submitted an affidavit from the section chief of this program who averred that the FBI receives millions of name check requests from 70 different federal, state and local agencies. While most checks can be finished within 72 hours, a small percentage require more detailed, and consequently more lengthy, investigation. Plaintiff's name check request was received in March 2004 and was still pending when defendants filed their motion to dismiss.

Defendants argued that subject matter jurisdiction was lacking because the court cannot become involved in a case such as this until 120 days after plaintiff's "examination" is completed, including all security background checks.[1] Defendants' Brief at 1. Defendants' position was that because the FBI name check had not been completed, the examination had not yet been conducted, and therefore the court lacked jurisdiction because the 120-day period had not begun to run. Plaintiff argued that the "examination" refers to the interview conducted by an immigration officer, which in this case was conducted in August 2004, and therefore the court did have jurisdiction because the 120-day period expired long before this lawsuit was commenced.

---

[1]The statute at issue, 8 U.S.C. § 1447(b), states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

2

> In deciding this issue in plaintiff's favor, the court stated:
>
>> While the statute itself does not indicate whether the "examination" referred to in § 1447(b) is the interview or the entire process of reviewing the applicant's qualifications for naturalization, the overwhelming weight of the case law supports plaintiff's interpretation. Every decision of this district, of which the court is aware, has reached this conclusion. *See, e.g., Omeiri v. District Director, Bureau of Citizenship and Immigration Servs.*, 2007 WL 2121998 (E.D. Mich. July 24, 2007); *Garcia-Guerra v. Chertoff*, 2007 WL 1004223 (E.D. Mich. Mar. 30, 2007); *Khelifa v. Chertoff*, 433 F. Supp.2d 836 (E.D. Mich. 2006); *Zhang v. Chertoff*, 2006 WL 4045600 (E.D. Mich. Feb. 1, 2006); *Al Saidi v. Jenifer*, 2005 WL 5179147 (E.D. Mich. Dec. 23, 2005); *Mahmood v. Jenifer*, 2005 WL 5179153 (E.D. Mich. Nov. 30, 2005). The Sixth Circuit has not addressed this issue. The only court of appeals to have done so has also accepted plaintiff's position. *See United States v. Hovsepian*, 359 F.3d 1144, 1161 (9th Cir. 2004) (*en banc*). Although the Fifth Circuit issued a contrary decision in *Walji v. Gonzales*, 489 F.3d 738 (5th Cir. 2007), that decision was subsequently withdrawn.

Opinion and Order at 2-3. Accordingly, the court denied defendants' motion to dismiss. The court also denied defendants' alternative motion to remand the matter for completion of the background check because plaintiff's application had already been pending for over 1,300 days and defendants offered no guarantee that they would resolve the matter promptly. The court therefore scheduled a hearing pursuant to 8 U.S.C. § 1447(b). Approximately six weeks after the court issued its opinion denying defendants' motion and scheduling the hearing, and approximately two weeks before the hearing was to take place, the parties telephoned the court and indicated they had resolved the case. The court therefore issued an order dismissing the complaint without prejudice.

In the motion now before the court, plaintiff seeks costs and attorney fees under the EAJA, 28 U.S.C. § 2412, on the grounds that he is a prevailing party and the government's position was not substantially justified. Plaintiff seeks $8,025 in fees for his attorney, $308.75 in fees for his attorney's law clerk, and $82.72 in costs. Defendants oppose the motion on the grounds that

3

plaintiff is not a prevailing party because the court did not award him any relief. Alternatively, defendants argue that plaintiff's attorney's hourly rate ($300) is too high and should be reduced to $125.

The court shall deny plaintiff's motion for two reasons. First, the motion is untimely. The EAJA states that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B). The statute defines "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). In the present case, the court's order of dismissal, which was issued because the parties informed the court that they had resolved the case, constitutes an order of settlement. That order was entered on October 16, 2007. Plaintiff did not file his EAJA motion until more than 30 days later, on December 6, 2007. This fact alone prevents the court from entertaining plaintiff's motion. *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 131 (6th Cir. 2007) (noting that "in the ordinary case, a fee applicant cannot recover any attorney fees or expenses related to the case unless . . . the applicant has satisfied the EAJA's four requirements, including the requirement that the applicant file a fee application within thirty days of final judgment").

Second, an award under the EAJA is available only to a "prevailing party," *see* 28 U.S.C. § 2412(d)(1)(A), and plaintiff is not a prevailing party within the meaning of the statute. While not defined in the EAJA, this term "as used in the Equal Access to Justice Act [must] be read consistently with its use in other fee-shifting statutes." *Citizens Coalition for Block Grant Compliance, Inc. v. City of Euclid*, 717 F.2d 964, 966 n. 2 (6th Cir.1983). In *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 600 (2001), the

4

Supreme Court held that the term "prevailing party" does not include a party that has "achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Rather, to be considered "prevailing," a party must "secure a judgment on the merits or a court-ordered consent decree" as these "create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* at 600, 604, *quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). The Court specifically rejected the proposition that a party has "prevailed" merely because his lawsuit served as a catalyst in bringing about a voluntary change in defendant's conduct: "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605-608. The Court also specifically rejected the proposition that a party has "prevailed" by negotiating a private settlement: "Private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal." *Id.* at 604 n.7. *Accord DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 670 (6th Cir. 2006) ("A material alteration requires that "[t]he plaintiff [ ] obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. . . . Further, the change in the relationship between the parties must be court ordered – if a party's change in position is purely voluntary, then there is no prevailing party").

In the present case, plaintiff is not a "prevailing party" because he did not obtain an enforceable judgment, consent decree or settlement – that is, he obtained no court-ordered relief. Rather, the parties negotiated a private settlement that, presumably, included the completion of the

stalled background check and the favorable processing of plaintiff's naturalization application. Upon being informed that the matter was resolved, the court issued an order dismissing the complaint without prejudice. While defendants' favorable action on plaintiff's naturalization application constituted a positive change in defendants' behavior vis-a-vis plaintiff, it is not judicially enforceable and "lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605. It is certainly likely that plaintiff's lawsuit was the catalyst that prompted defendants to take this favorable action but, under the clear holding of *Buckhannon*, this does not suffice to make plaintiff a "prevailing party" for fee-shifting purposes. Accordingly,

IT IS ORDERED that plaintiff's motion for costs, attorney fees and other expenses under the Equal Access to Justice Act [docket entry 10] is denied.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: February 4, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 4, 2008, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager